**Robert NIFFENNEGGER, Individually and as Representative of the Class Composed of Members of the Des Moines Association of Professional Fire Fighters, Local No. 4, An Unincorporated Association, Appellants,**

v.

**CITY OF DES MOINES, Iowa, A Municipal Corporation, Appellee.**

No. 63216.

Supreme Court of Iowa.

March 19, 1980.

Harry H. Smith and MacDonald Smith, Sioux City, for appellants.

Earl Roberts, City Atty., Des Moines, for appellee.

Considered by REYNOLDSON, C. J., and HARRIS, McCORMICK, ALLBEE, and LARSON, JJ.

HARRIS, Justice.

This declaratory judgment action presents two questions of statutory construction. Robert Niffennegger is the nominal plaintiff for a firefighters' union. The union challenges two practices of the city of

Des Moines. (1) Through each fiscal year the city collects for but retains its contributions to the firemen's pension accumulation fund (§ 411.8(1)(a), The Code 1979) and expense fund (§ 411.8(3), The Code 1979). The amounts thus accumulated are paid over to the pension and expense funds at the end of the year. The union believes these funds should be paid over immediately as they are received. (2) Potential firemen are required by section 400.8(1), The Code 1979, to undergo physical examinations. The city pays the cost of these examinations from the expense fund established under section 411.8(3). The union also challenges this practice.

The trial court rejected both challenges. We agree with the city on the first challenge but with the union on the second.

I. Code chapter 411 provides for retirement systems for policemen and firemen. Section 411.11 provides:

On or before January 1 of each year the respective boards of trustees shall certify to the superintendent of public safety the amounts which will become due and payable during the year next following to the pension accumulation fund and the expense fund. The amounts so certified shall be included by the superintendent of public safety in his annual budget estimate. The amounts so certified shall be appropriated by the said cities and transferred to the retirement system for the ensuing year. Said cities shall annually levy a tax sufficient in amount to cover such appropriations.

According to the stipulation of the parties the city made a levy under this section which resulted in receipts in varying amounts in the fiscal year 1977–78. It then placed the monies in a trust and agency fund authorized by section 384.6, The Code 1979, and paid them into the firemen's pension accumulation fund only at the end of the fiscal year. In June 1978 that payment amounted to $1,222,775.97.

■ To support its claim that the funds should be paid over as they are received the union cites provisions in the statutes which establish the funds and specify the city's

obligation of contribution. *See* §§ 411.-8(1)(a); 411.8(3); and 411.11. The city defends its practice on the basis of what is now section 384.6(1). It provides:

Accounting for pension and related employee benefit funds as provided by the city finance committee. A city may make contributions to a retirement system other than the Iowa public employees' retirement system for its city manager in an annual amount not to exceed the amount that would have been contributed by the employer under the provisions of section 97B.11. *A city may certify taxes to be levied for the trust and agency fund in the amount necessary to meet such obligations.* [Emphasis added.]

We agree with the city that this section is related to and is more specific than any of the provisions in chapter 411 and should accordingly control. *Berger v. General United Group, Inc.*, 268 N.W.2d 630, 638 (Iowa 1978). *See* § 4.7, The Code 1979. The emphasized language indicates that the fund is to be controlled by the city. The statute does not presuppose that either receipts or disbursements are to be immediate. The passing of funds through such an account is not a mere bookkeeping procedure. If the legislature had intended for immediate transfer of the funds as they are collected it would not have permitted their payment into a fund under section 384.6(1).

The trial court was right in rejecting the union's first challenge.

■ II. The remaining question has to do with the source of payment for the applicants' physical examinations required by section 400.8(1). The city desires to continue paying for these examinations from the expense fund of section 411.8(3) on the basis of its language contemplating "all the expenses necessary in connection with the administration and operation of the [retirement] system." The city also points to the responsibility of its board of trustees to compose and direct the examinations. § 400.8(1).

The examinations, however, are themselves no part or function of the retirement

**608**

system. The trustees' incidental responsibility for their administration does not make them so. The city admits that the expense fund must be used to support the firemen's retirement system but contends "the cost of such examinations must logically be deemed an expense incidental to the administration of the fire department system." We think the examinations required under chapter 400 relate to civil service, which concerns only entrance into and discharge from employment, not retirement.

The trial court erred in upholding the city's practice of funding applicants' physical examinations from the retirement system.

The judgment of the court is affirmed in part, reversed in part, and remanded with instructions that declaratory judgment be entered in conformity with this opinion.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.